# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STANISLAUS PUBLIC SAFETY CENTER, et al.,<br><br>　　　　Defendants. | 1:17-cv-01248-DAD-GSA-PC<br><br>**SCREENING ORDER**<br>**(ECF No. 1.)**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 18, WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I.　BACKGROUND

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2017, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

## II.　SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently a state prisoner incarcerated at Mule Creek State Prison in Ione, California, in the custody of the California Department of Corrections and Rehabilitation. The events at issue in the Complaint allegedly occurred at the Stanislaus County Public Safety Center (SCPSC) in Modesto, California, when Plaintiff was detained there as a pretrial detainee

in the custody of the Stanislaus County Sheriff. Plaintiff names as defendants the Stanislaus County Public Safety Center, Lieutenant (Lt.) Kirt, and Sergeant (Sgt.) Florres (collectively, "Defendants").

A summary of Plaintiff's allegations follows.[1]

**Defendant Kirt**

Defendant Lt. Kirt, Facility Commander, attempted to cover up his deputies' retaliation against Plaintiff for reporting that Deputy Teixeira [not a defendant] had thrown inmate Francisco Ibanez, Jr., against a wall while inmate Ibanez was unresponsive and having a seizure on the floor. Deputies Teixeira and McCarthy [not defendants] threatened Plaintiff and other inmates not to say anything. Plaintiff spoke up. Deputy McCarthy said, "Gradford, if you know what's good for you, you will keep your mouth shut." ECF No. 1 at 4. During the following months Deputies Teixeira and McCarthy acted on their threats against Plaintiff by using other deputies. Plaintiff believes the retaliation by deputies will continue upon his release from prison.

Plaintiff repeatedly complained to Lt. Kirt about abuse and continuing revenge by his deputies. Instead of helping Plaintiff, Lt. Kirt decided to cover up and bribe Plaintiff. Lt. Kirt told Plaintiff that if he would stop writing grievances about his deputies and send all of his inmate requests directly to him, he would do anything Plaintiff wanted or asked for. Lt. Kirt stated, "Just stop grieving." ECF No. 1 at 4. Plaintiff immediately took offense and told him face-to-face to please stop the abuse against Plaintiff. Lt. Kirt said he would, but the retaliation continued, and legal mail violations against Plaintiff continued. Plaintiff never gave the deputies a hard time. As they continued to abuse him, he continued to show them higher respect. Finally, Captain Ducan [not a defendant] ordered his staff to stop mistreating Plaintiff after different government agencies got involved and organized across the U.S. Plaintiff had desperately written to different government agencies over the months about the retaliation and threats against him. The newspapers also got involved, including an article in the Modesto

---

[1] The court has made an effort to state Plaintiff's allegations in chronological order, for clarity.

Bee. Plaintiff has a written statement by Captain Ducan ordering the mistreatment against Plaintiff to stop.

### Handcuffing in Court

On March 3 and March 7, 2017, Unit E deputies (seeking revenge) tightly handcuffed Plaintiff and forced him to sit in a chair at the court and while going to court, from 6:30 a.m. to 4:00 p.m., for approximately 9 1/2 hours each day, on purpose. Again, on March 10, 2017, Plaintiff went to court and was again very tightly handcuffed and forced to sit in a chair at court for approximately 12 hours straight, from 6:30 a.m. to 6:00 p.m. Plaintiff told deputies about his very serious medical issues that place him at risk. Over the months Plaintiff repeatedly wrote the Attorney General, U.S. Department of Justice, and many other government agencies and organizations across the United States, pleading for help to end this retaliation by deputies.

### Handcuffing by Defendant Florres during Interview

In March 2017, Plaintiff was tightly handcuffed by Sgt. Florres from behind while he interviewed Plaintiff in the Unit E interview room after Plaintiff clearly stated to Sgt. Florres that he had a prior major spinal surgery. Sgt. Florres continued the interview concerning a civil suit claim Plaintiff filed against Florres' lower-ranking deputies for threatening plaintiff and abusing him by retaliation. Plaintiff clearly stated to Sgt. Florres that he (Florres) was badly hurting Plaintiff's back by handcuffing him tightly from behind while Plaintiff sat in a chair for approximately 20-30 minutes while being questioned. Because of Sgt. Florres' great prejudice against Plaintiff, seeking some form of retaliation against him (under cover), Plaintiff was handcuffed. Prior to that day, and afterward, there was never an inmate handcuffed for an interview in the Unit E interview room. Plaintiff has been interviewed by many other staff before and afterward, including Lt. Kirt, Sgt. Johnson [not a defendant], and Sgt. Spalding [not a defendant]. No other inmate was ever handcuffed during classes or interviews in Unit E, even by Sgt. Florres. Because of the great revenge, Plaintiff was also denied classes and counseling by MRT Terry (witnessed by inmate Code Ashly in cell #214 at that time because he was also in the interview room with Plaintiff).

### No Lights in Plaintiff's Cell

During April and May 2017, Plaintiff was forced to go without lights in his cell at SCSC. After the lights went out in Plaintiff's cell #227, he noticed that other inmates' lights went out and were fixed within 2-3 days. Plaintiff has told all staff in Unit E and the Medical Department that he was once paralyzed in a wheelchair, approximately 1 1/2 years ago, and had major spinal surgery.

**Dirty and Infested Showers**

From April through August 2, 2017, Plaintiff repeatedly pleaded with Unit E and higher-rank officials at SCSC to clean the six very filthy and badly-infested showers. Plaintiff was forced to take showers in inhumane conditions with small flying insects. Staff would respond that this issue would be addressed, but it never was attended to during the time Plaintiff was there. Plaintiff was transferred to prison on August 2, 2017.

**Relief Requested**

Plaintiff requests monetary damages and injunctive relief.

**IV. PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. **Rights of Pretrial Detainees**

Plaintiff was a pretrial detainee at the time of the events at issue. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986). For example, where the pretrial detainee is claiming that prison officials are liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the court should utilize Eighth Amendment standards. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc); see also Pierce, 526 F.3d at 1209-13 (explaining that detainees in

administrative segregation are entitled under the First and Eighth Amendments to ongoing participation in religious activities and adequate

///

opportunities for exercise); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (stating that Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979)); Pierce, 526 F.3d at 1205; Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

### B. Rule 18 of the Federal Rules of Civil Procedure

Plaintiff alleges multiple claims in the Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the

number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff brings five different claims in the Complaint: (1) against Lt. Kirt for attempting to cover up retaliation, (2) against Unit E deputies for tightly handcuffing Plaintiff in court; (3) against Sgt. Florres for tightly handcuffing Plaintiff during an interview, (4) against unnamed defendants for no lights on in Plaintiff's cell, and 5) against unnamed defendants for dirty and infested showers. These five claims arise out of separate transactions or occurrences and against different defendants. Thus, Plaintiff is barred from bringing these claims together in one lawsuit. Plaintiff's two handcuffing claims are not related simply because his handcuffs were applied too tightly on different occasions by different defendants. A claim against one defendant should not be joined with an unrelated claim against a different defendant. Plaintiff shall be granted leave to file an amended complaint that complies with Rule 18(a). In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's amended complaint also violates Rule 18(a) despite this admonition, the court will decide which claims shall proceed.

### C. **Plaintiff's Referral in the Complaint to Other Pleadings and Cases**

Throughout the Complaint, Plaintiff refers to prior pleadings, cases, and evidence that was not submitted with the Complaint. Examples follow.

(1) "(Please see my pleading inmate request Kites pleadings Records)." (ECF No. 1 at 3.)

(2) "(Please see doctor medical records Modesto CA)." (ECF No. 1 at 3.)

(3) "(Please see Gradford v. McDougall pending cases)." (ECF No. 1 at 3.)

(4) "(Please see the Modesto Bee Article)." (ECF No. 1 at 4.)

Plaintiff may not add information to his Complaint in this manner. Any information Plaintiff wishes the court to consider must be included in the Complaint or attached as exhibits to the Complaint. The court only considers the Complaint itself and attached exhibits filed together at the court. To incorporate exhibits into the Complaint, Plaintiff should refer to the pertinent exhibits in the body of the Complaint. Fed. R. Civ. P. 10(c).

Plaintiff is also advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself *without reference to the prior or superceded pleading*. (emphasis added.) Local Rule 220.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's Complaint violates Rule 18 of the Federal Rules of Civil Procedure. Therefore, Plaintiff's Complaint shall be dismissed for violation of Rule 18, with leave to file an amended complaint within thirty days.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on September 18, 2017.

As discussed above, an amended complaint supercedes the original complaint, Lacey, 693 F. 3d at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in

an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on September 18, 2017, is DISMISSED for violation of Rule 18 of the Federal Rules of Civil Procedure, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01248-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **August 8, 2018**       /s/ Gary S. Austin
                                UNITED STATES MAGISTRATE JUDGE