## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS PUBLIC SAFETY CENTER, et al.,<br><br>Defendants. | 1:17-cv-01248-DAD-GSA PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 39.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.      BACKGROUND**

William Gradford ("Plaintiff") is a former prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 18, 2017.  (ECF No. 1.)

On March 25, 2020, Plaintiff filed an "emergency notice" to the court, which the court construes as a motion for preliminary injunctive relief.  (ECF No. 39.)

**II.     PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff notifies the court that he suffered fear and retaliation when he was in custody at the Stanislaus County Public Safety Center at the hands of the deputies working there, including Deputy Sheriff F. Valasco. Deputy Velasco constantly bullied Plaintiff, used foul language, and talked in sexual ways, for no reason. Many inmates complained. When Deputy Velasco started picking on Plaintiff, Plaintiff immediately told him he would report him to higher authorities, but Velasco did not listen. Plaintiff then spoke to two different sergeants about Velasco. Velasco found out that Plaintiff was reporting him and verbally threatened Plaintiff. Plaintiff filed grievances against Deputy Velasco. Plaintiff has also suffered at the hands of probation officers.

To the extent that Plaintiff seeks a court order enjoining officers at the Stanislaus County Public Safety Center, or probation officers, from acting against him, the court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants Kirt and Florres based on events occurring before October 2017 at the Stanislaus County Public Safety Center in Modesto, California. Plaintiff now requests a court order protecting him from present and future actions by Stanislaus County officers in Modesto, California. Because such an order would not remedy any of the claims in this case, which is based upon events occurring before September 18, 2017, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Moreover, Plaintiff's motion for preliminary injunctive relief against officials working at the Stanislaus Public Safety Center in Modesto should be denied as moot because Plaintiff is no longer in custody there.[1] Where the prisoner is challenging conditions of confinement and is

---

[1] On May 6, 2020, Plaintiff filed a notice of change of his address from the Stanislaus County Public Safety Center in Tracy to a street address in Modesto, California. (ECF No. 44.)

seeking injunctive relief, transfer to another prison [or release from custody] renders the request for injunctive relief moot absent some evidence of an expectation of being [returned] back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007). Here, there is no evidence that Plaintiff expects to be returned back to the Public Safety Center in Modesto. Therefore, Plaintiff's motion should be denied as moot.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on May 6, 2020, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 27, 2020**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE