UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD, | 1:17-cv-01248-DAD-GSA-PC |
| Plaintiff, | **ORDER RE DEFENSE COUNSEL'S RESPONSE TO ORDER** |
| v. | **(ECF No. 51.)** |
| STANISLAUS PUBLIC SAFETY CENTER, et al., | |
| Defendants. | |

**I.  BACKGROUND**

William J. Gradford ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds against defendant Sergeant Flores[1] ("Defendant") for use of excessive force in violation of the Eighth Amendment.

On August 6, 2020, the Court issued an order requiring the parties to notify the Court whether they believed a settlement conference would be beneficial in this case.  (ECF No. 47.) On August 12, 2020, defense counsel filed a response to the Court's order notifying the Court that Defendant's employer, the County of Stanislaus, had already settled this and several other

---

[1] Named by Plaintiff as Sergeant Florres.

1

pending cases brought by Plaintiff, but that Plaintiff takes the position the settlement is not valid. (ECF No. 48.)  On August 21, 2020, the court issued an order for defense counsel to provide evidence of the settlement.  (ECF No. 50.)  On August 24, 2020, Defendant, through counsel, responded to the court's order.  (ECF No. 51.)

## II.  DEFENDANT'S RESPONSE

Defendant represents that on May 7, 2019, Plaintiff settled all outstanding claims against Stanislaus County and its employees in exchange for payment of $3000.  Defense counsel, Dan Farrar, has represented Stanislaus County custodial personnel in a number of cases filed by Plaintiff William Gradford.  (Decl. of Dan Farrar ¶ 3.)  As of May 1, 2019, Mr. Farrar was attorney of record in three cases: Gradford v. Lignoski, 1:17-cv-01460-DAD-GSA, Gradford v. Tiexiera, 1:17-cv-00201, and Gradford v. McDougall, 1:17-cv-00575-DAD-GSA.  (Id.)  Mr. Farrar was aware of at least three other cases which had not been served, including the instant case.  (Id.)  The unserved cases were Gradford v. Guiltron, 1:18-cv-01364-DAD-GSA, Gradford v. Chan, 1:18-cv-00710-DAD-GSA, and Gradford v. Florres, 1:17-cv-01248-DAD-GSA.

In Gradford v. Tiexiera, 1:17-cv-00201-DAD-GSA, as the settlement conference date (May 15, 2019) approached, Mr. Gradford filed a request with the court that all of his federal lawsuits be discussed at the settlement conference.  (Id. ¶ 4.)  The request was granted and the court's order identified six active cases.  (Id.)  In late April or early May of 2019, Mr. Gradford approached Mr. Farrar about settling all of his cases at once. (Id. ¶ 5.)  Mr. Farrar does not recall the specifics of the negotiations, but the County of Stanislaus ultimately offered to pay Mr. Gradford a total of $3,000, in exchange for a dismissal of all pending actions and a release of all claims.  (Id.)  Mr. Gradford accepted the offer.  (Id.)

On May 7, 2019, Mr. Farrar met with Mr. Gradford in Modesto.  (Id. ¶ 6.)  Mr. Farrar provided him with the settlement check in the sum of $3,000.00.  (Id.)  Mr. Gradford signed a release as well as stipulations and proposed orders of dismissal of the cases in which defendants had appeared.  (Id.)  Mr. Farrar provided him requests for dismissal for filing in the cases in which defendants had not been served.  (Id.)  Mr. Farrar filed the stipulations of dismissal in the three cases in which he was attorney of record and orders of dismissal were issued.  (Id. ¶ 7.)

Mr. Gradford did not dismiss the three unserved cases, including the instant case. (Id. ¶ 8.) Over the last several months Mr. Gradford has contacted Mr. Farrar asking/offering to settle all cases, including the cases they already settled. (Id.)

Attached to Mr. Farrar's declaration as Exhibit A is the settlement agreement (Release of Claims) signed by Mr. Gradford on May 7, 2019. (Id. ¶ 6.) In the May 7, 2019 Release of All Claims, Mr. Gradford agreed:

> " . . . to release and discharge the County of Stanislaus, its employees, and/or representatives of and from any and all claims, demands, actions or causes of action, known or unknown, which William Gradford may have against the County of Stanislaus, its employees, and/or representatives and to dismiss all pending actions, . . ."

(ECF No. 51 at 6.) Mr. Farrar asserts that on the same day, Plaintiff was given a check from the County of Stanislaus in the sum of $3,000.00, which he accepted and apparently cashed.

### III.   DISCUSSION AND CONCLUSION

Of the six cases referred to by defense counsel, four of them have been dismissed:

(1)   Gradford v. Tiexiera, 1:17-cv-00201-DAD-GSA, dismissed 5/8/19;

(2)   Gradford v. McDougall, 1:17-cv-00575-DAD-GSA, dismissed 5/8/19;

(3)   Gradford v. Lignoski, 1:17-cv-01460-DAD-GSA, dismissed 5/8/19; and

(4)   Gradford v. Chan, 1:18-cv-00710-DAD-GSA, dismissed 5/9/19.

Two of the cases are still pending:

(1)   Gradford v. Florres,1:17-cv-01248-DAD-GSA; and

(2)   Gradford v. Guiltron, 1:18-cv-01364-DAD-GSA.

Case 17-01248 (the present case) now proceeds against sole defendant Sergeant Flores, who was employed at the Stanislaus County Public Safety Center during the time at issue in the case. Case 18-01364-DAD-GSA now proceeds against sole defendant Deputy Guiltron, who also was employed at the Stanislaus County Public Safety Center during the time at issue in that case. The undersigned is the Magistrate Judge assigned to both of these cases; Dan Farrar is now defense counsel of record in both of these cases; and, both of the defendants in these cases fit the

criteria identifying defendants whose claims were released by William Gradford pursuant to the May 7, 2019 Release of Claims.

To resolve these two pending cases at this stage of the proceedings, the appropriate action is for the Defendant, in each case, to bring a **formal motion** to dismiss based on the representations of defense counsel, Dan Farrar, and the May 7, 2019 Release of Claims.  Said motion(s) is/are to be filed within thirty days of the filing of this order, otherwise this case, and the other above referenced case, will proceed in compliance with their respective scheduling orders.

IT IS SO ORDERED.

Dated:  **August 26, 2020**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE