# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>STANISLAUS PUBLIC SAFETY CENTER, et al.,<br><br>    Defendants. | 1:17-cv-01248-DAD-GSA-PC<br><br>**ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANT FLORES'S MOTION TO DISMISS, WITHIN TWENTY-ONE DAYS**<br><br>**(ECF No. 54.)** |

William J. Gradford ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds against defendant Sergeant Flores[1] ("Defendant") for use of excessive force in violation of the Eighth Amendment.

On September 8, 2020, defendant Flores filed a motion to dismiss.  (ECF No. 54.) Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, but has not done so.  Local Rule 230(*l*).

---

[1] Sued as Sergeant Florres.

1

Local Rule 230(*l*) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion . . ." The court may deem any failure to oppose Defendant's motion to dismiss as a waiver, and recommend that the motion be granted on that basis.

Failure to follow a district court's local rules is a proper grounds for dismissal. U.S. v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).  Thus, a court may dismiss an action for the plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition.  See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995), cert. denied 516 U.S. 838 (1995) (dismissal upheld even where plaintiff contends he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); Henry v. Gill Industries, Inc., 983 F.2d 943, 949-50 (9th Cir. 1993) (motion for summary judgment cannot be granted simply as a sanction for a local rules violation, without an appropriate exercise of discretion).  The court may also dismiss this case for Plaintiff's failure to comply with the court's order.  See Local Rule 110; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)

Accordingly, IT IS HEREBY ORDERED that:

1. Within **twenty-one days** of the date of service of this order, Plaintiff shall file an opposition, or statement of non-opposition, to the motion to dismiss filed by Defendant Flores on September 8, 2020; and finally
2. Plaintiff's failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 9, 2020**              /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE