UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS PUBLIC SAFETY CENTER, et al.,<br><br>Defendant. | No. 1:17-cv-01248-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 54, 57, 59) |

Plaintiff William J. Gradford is a former state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 4, 2020, the assigned magistrate judge issued findings and recommendations, recommending that defendants motion to dismiss (Doc. No. 54) be granted on the grounds that plaintiff settled this action and signed a release of all claims, which constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims brought in this action.  (Doc. No. 57.)  These findings and recommendations were served upon the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service thereof.  (*Id*. at 7.)  In that time period, no objections to the findings and recommendations were filed with the court.  However, on January 21, 2021, plaintiff filed a request to vacate the dismissal and

1

1  asked the court to schedule a settlement conference, which the court construes as plaintiff's
2  objections to the pending findings and recommendations. (Doc. No. 59.) On February 25, 2021,
3  defendant Flores[1] filed an opposition, and on March 9, 2021, plaintiff's reply was docketed.
4  (Doc. Nos. 60, 61.)

5      In his request, plaintiff asks the court to vacate the dismissal order and then schedule a
6  settlement conference in this action. (Doc. No. 59 at 43.) Plaintiff argues that defense counsel
7  did not present to this court all of the documents that plaintiff represents he signed when he
8  signed a release of all claims against Stanislaus County and defendant Flores. (*Id*. at 39–43.)
9  Plaintiff also asserts that defense counsel violated federal law and this court's Local Rules. (*Id*. at
10  43.) In addition, plaintiff states the court should vacate the dismissal order and re-set the
11  scheduling conference as it had in another of plaintiff's cases presenting similar issues, *Gradford*
12  *v. Freddie*, No. 1:19-cv-01252-DAD-EPG,[2] and which plaintiff contends was part of the same
13  settlement. (*Id*. at 42, 44.)

14      Defendant responds that plaintiff's request is ambiguous and nonsensical, noting that there
15  exists no dismissal to be vacated and to the extent plaintiff's filling is a motion for
16  reconsideration, it would be premature. (Doc. No. 60 at 1.) Defendant also argues that if the
17  document is to be construed as a motion for reconsideration, it is inadequate as a matter of law
18  under Rule 59 or 60 of the Federal Rules of Civil Procedure, because plaintiff has not set forth
19  any law or facts warranting the relief he seeks. (*Id*. at 1–2.) Finally, defendant argues that
20  plaintiff's request merely rehashes previously made arguments and offers no evidence in support
21  of those arguments. (*Id*. at 2.)
22  /////
23  /////
24  /////

---

[1] Defendant Flores was improperly sued as Sergeant Florres.

[2] Here the undersigned notes that the posture of the request was quite different. In the *Gradford v. Freddie* matter, plaintiff's request to withdraw the pending motion dismiss was granted because it was plaintiff's *own* motion, and plaintiff had indicated it had been filed by him in that action in error. (*See Gradford v. Freddie*, Doc. No. 33.)

In reply, plaintiff again argues that defense counsel deceived plaintiff by failing to present to the court all of the documents that plaintiff signed in connection with the parties' settlement, and he was not able to determine this until after the objections period had run, which he states is the reason he brought his pending motion. (Doc. No. 61.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Here, plaintiff's objections simply do not set forth facts or law providing any basis upon which this court should decline to adopt the pending findings and recommendations. Nor does plaintiff argue that any of the allegedly missing pages of the documents submitted to this court suggest this action was not settled as part of the parties' agreement. Therefore, the court will adopt the pending findings and recommendations in full and plaintiff's request that the court schedule a settlement conference in this case (Doc. No. 59) will be denied.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on December 4, 2020 (Doc. No. 57), are adopted in full;
2. Defendant's motion to dismiss (Doc. No. 54), filed on September 8, 2020, is granted;
3. Plaintiff's motion for reconsideration and for the court to schedule a settlement conference (Doc. No. 59), filed on January 21, 2021, is denied;
4. This action is dismissed pursuant to the terms of the parties' settlement and signed release form, which constituted a valid, clear, and unambiguous waiver of plaintiff's legal claims brought in this action; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 22, 2021**

UNITED STATES DISTRICT JUDGE